**SO ORDERED.**

**SIGNED this 21 day of December, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

IN RE:

**EVELYN TYSON FISHER,**

      Debtor.             Case No. 06-03579-8-JRL
                                             Chapter 13

_____

## ORDER

This case is before the court on the debtor's motion for an extension of the automatic stay, pursuant to § 362(c)(3).

On November 3, 2006, the debtor filed a Chapter 13 petition. On November 17, 2006, the debtor filed the subject motion. A court can only extend the automatic stay if notice and a hearing on the motion occur before expiration of the 30-day period after the filing of the case. 11 U.S.C. § 362(c)(3)(B). The debtor's motion was not scheduled for hearing during the 30-day time frame; accordingly, the automatic stay terminated.

The court finds that the debtor bears the ultimate burden to ensure that the motion is timely scheduled for hearing. In re Moon, 339 B.R. 668 (Bankr. N.D. Ohio 2006); In re Ziolkowski, 338 B.R.

543, 545-46 (Bankr. D. Conn 2006). The court will not use its general equitable power under § 105 to reimpose a stay that Congress declared must terminate within the 30-day period if the requirements of § 362(c)(3) are not met. In re Jumpp, 344 B.R. 21, 27 (Bankr. D. Mass. 2006); In re Garrett, ___ B.R. ___, 2006 WL 3525100 at *3 (Bankr. C.D. Ill. Dec. 7, 2006). Accordingly, the motion for extension of the automatic stay is denied.

This ruling may have limited effect in this case. The court notes that termination of the stay under § 363(c)(3) only applies where actions were taken against the debtor prior to the filing of the debtor's bankruptcy petition. 11 U.S.C. § 362(c)(3)(A); In re Paschal, 337 B.R. 274, 280 (Bankr. E.D.N.C. 2006). In Paschal, Judge Small clarified that "'action' means a formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." Id. In the debtor's previous case that was pending within the one-year period but dismissed, America's Servicing Company, servicing agent for U.S. Bank National Association, as trustee for Credit Suisse First Boston MBS Heat 2003-7 (collectively "Credit Suisse First Boston"), took action by filing a motion for relief from stay. Credit Suisse First Boston holds a first mortgage on the debtor's home located at 3718 Loop Road, Nashville, North Carolina. In the motion for extension of stay, the debtor notes that a foreclosure proceeding was commenced against the debtor's residence before the filing of this case. No objections were filed to the motion for extension of the automatic stay, so the court is unaware of any other creditors who took action before the filing of the present bankruptcy case.

Section 363(c)(3) only applies to "actions taken against the debtor and against property of the debtor, but does not terminate the stay with respect to property of the estate." In re Jones, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006)(interpreting the language of § 362(c)(3)(A)). Section 1327(b) states:

"Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b). Thus, a debtor has the opportunity to request language in a Chapter 13 plan so that property will remain part of the estate and will not be subject to termination of the automatic stay under § 363(c)(3).

"END OF DOCUMENT"